UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:12-cv-10583 |
| | ) | |
| DAVID D. PATTON & | ) | Honorable Sean Cox |
| ASSOCIATES, P.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **Motion for Default Judgment of Permanent Injunction**

The United States moves for a default judgment of permanent injunction for the reasons set forth in the accompanying brief.

### **Certification**

As required by LR 7.1, the government's counsel attempted to confer with defendants, who are in default, regarding this motion, by sending a letter to defendants suggesting that defendants propose a date to meet and confer.  The government's counsel was unable to conduct a conference regarding this motion, however, as defendants did not respond to the government's counsel's letter and have not otherwise appeared in this case.

BARBARA L. McQUADE
United States Attorney

*s/Michael R. Pahl*
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6488
E-mail: michael.r.pahl@usdoj.gov

LOCAL COUNSEL:

BARBARA L. McQUADE
United States Attorney

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313)226-9784
P-30643
Email: peter.caplan@usdoj.gov

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:12-cv-10583 |
| | ) | |
| DAVID D. PATTON & | ) | |
| ASSOCIATES, P.C., et al., | ) | Honorable Sean F. Cox |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **United States of America's Brief in Support**

## **Concise Statement of Issue Presented**

Because defendants are in default, should the Court enter a default judgment of permanent injunction?

## <u>Controlling Authority</u>

Federal Rule of Civil Procedure 55

26 U.S.C. § 7402(a)
26 U.S.C. §§ 3101 *et seq*., 3111 *et seq*., 3401 *et seq*.

## Facts

On February 9, 2012, the United States brought suit against David D. Patton

Associates, P.C. and David Patton , seeking, among other relief, a permanent injunction

requiring defendants to comply with their employment tax obligations.  On April 26,

2012, after defendants were served with the Complaint but failed to answer, the United

States moved for entry of default against defendants.[1]  On April 26, 2012, the Clerk of

Court entered default against defendants.[2]

On May 14, 2012, because defendants had appeared for a previous preliminary-

injunction hearing that was later vacated, the United States moved for entry of a

preliminary injunction against defendants.[3]  As a factual basis for the motion, the United

States submitted a revenue officer's declaration detailing defendants' "long history of

failing to file employment tax returns. . .and to make the requisite deposits of assessments

due thereunder," resulting in an over $200,000 federal tax debt.[4]  The United States also

---

[1]Dkt. 10.

[2]Dkt. 11-12.

[3]Dkt. 15.

[4]Dkt. 15 at 2.

presented evidence that for each quarter that defendants fail to pay employment taxes, "the loss of revenue and federal income and FICA taxes is approximately $20,000."[5]

Defendants did not file any response to the United States' preliminary-injunction motion. In addition, on June 6, 2012, defendants failed to appear at the preliminary-injunction hearing. On June 8, 2012, this Court entered a preliminary injunction against defendants, which contains several provisions requiring defendants to comply with their employment tax obligations.[6]

## Legal Argument

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Before obtaining a Rule 55(b)(2) default judgment, Rule 55(a) provides that there must first be an entry of default.[7] Under Rule 55(a), the clerk is to make the entry of default on a party against whom a judgment is sought when that party has failed to plead or otherwise defend.[8] Entry of default is "recognition of the fact that a party is in default for a failure to comply with the rules."[9]

Once the clerk enters default, Rule 55(b) gives the district court the power to enter

---

[5]Dkt. 15 at 2-3.

[6]Dkt. 20.

[7]*Hill v. Barbour*, 787 F.Supp. 146, 148 n. 4 (N.D. Ill. 1992).

[8]*In re Catt*, 368 F.3d 789, 793 (7th Cir.2004).

[9]*Hill*, 787 F.Supp. at 148 n. 4.

3

default judgment.[10] A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint.[11]  In deciding whether to grant a motion for default judgment, the Court must exercise sound judicial discretion.[12]  The Court may consider a number of factors when deciding a motion for default judgment, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance exist, whether the default is largely technical, whether the plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.[13]

While upon default, the factual allegations of a complaint relating to liability are taken as true, the allegations relating to damages ordinarily are not.[14]  Damages are not at issue here, however, because the United States is seeking injunctive, not monetary,

---

[10]*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir.1983).

[11]*Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1397 (7th Cir.1989)).

[12] *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir.1993).

[13]10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2685 (1998); *see also Witzlib v. Cohen*, 2009 U.S. Dist. LEXIS 113473, 2009 WL 4030485 1-2 (E.D. Wis.2009).

[14]*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983).

relief.[15]

In this case, defendants have admitted liability, namely, their failure to comply with their employment tax obligations, through the clerk's entry of default. Moreover, as pled in the Complaint and as established through facts submitted in support of the United States' preliminary-injunction motion, this Court should enter a permanent injunction. In a statutory injunction case, the moving party must demonstrate that the statute (or statutes, as here) have been violated and that "there is a reasonable likelihood of future violations."[16] Because 26 U.S.C. § 7402 sets forth the criteria for injunctive relief, the United States need only meet these criteria, without reference to the traditional equitable factors.[17] As pled in the complaint and as set forth in the evidence submitted as part of the preliminary-injunction motion, defendants have repeatedly violated the internal

---

[15]*See Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

[16]*S.E.C. v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982); *United States v. Gleason*, 432 F.3d 678 (6th Cir. 2005) (drawing upon a similar provision of the I.R.C., the court held that, because § 7408 expressly authorizes the issuance of an injunction, the traditional requirements for equitable relief need not be satisfied).

[17]*United States v. White*, 769 F.2d 511, 515 (8th Cir. 1985), citing *United States v. Buttorff*, 761 F.2d 1056, 1059 (5th Cir. 1985) (where injunctive relief is explicitly authorized by statute, "proper discretion" should require issuance of injunction if the prerequisites for the remedy have been demonstrated and injunctive relief fulfills the statute's legislative purpose); see also *United States v. Estate Preservation Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (finding, with regard to I.R.C. § 7408, that the "traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction."); *United States v. Dykeman Family Corp.*, No. 09-CV-867, 2009 WL 3735535 at *2 (E.D. Wisc. 2009) ("Section 7402 derives from the court's statutory authority, not its equitable powers.").

revenue laws, providing strong support of a "reasonable likelihood" of repeated unlawful conduct in the future.

Although injunctive relief is warranted based upon the statutory language of § 7402(a), we argue in the alternative that this Court should issue on injunction under the traditional four-factor analysis.  In determining whether to issue a permanent injunction, the court must consider whether: (1) the movant has strong likelihood of success on merits; (2) the movant would otherwise suffer irreparable injury; (3) the issuance of preliminary injunction would cause substantial harm to others; and (4) the public interest would be served by issuance of preliminary injunction.[18]

The United States is certainly likely to succeed on the merits as the defendants have and continue to violate provisions of the Internal Revenue Code.  Given the defendants' long history of repeated noncompliance with the federal tax laws, coupled with the futile efforts to account for and collect taxes that the defendants refuse to file and pay, an injunction against the defendants becomes essential to enforce the internal revenue laws and therefore plug the constant drain on the United States Treasury.  The defendants have repeatedly failed in complying with their employment tax obligations for over four years, and there is no evidence that their consistent, demonstrated failures will cease absent a court order requiring compliance with the law.  In terms of irreparable harm, defendants have not contested their over $200,000 federal tax liability, or the

---

[18]*See Michigan Bell Telephone Co. v. Engler*, 257 F.3d 587 (6th Cir. 2001).

United States' allegations that their non-compliance costs the U.S. Treasury an estimated $20,000 a quarter.[19]  Moreover, the administrative collection remedies available to the IRS are ineffective to stem the revenue loss because defendants refuse to pay over taxes and timely file returns, leaving an injunction as the only appropriate course of action at this point.  In addition, the harm to the United States is substantial, while the harm to defendants is non-existent: they will simply be ordered to do what the law already demands.

Finally, the Supreme Court has noted, in the context of social security taxes, "the broad public interest in maintaining a sound tax system."[20]  Here, "the public has an interest in ensuring that the purposes of the [internal revenue laws] be furthered."[21]

In this case, the defendants' pyramiding essentially extracts a subsidy from the American public that was not authorized by its duly-elected representatives in Congress. This subsidy has already drained several hundred thousand dollars from the Treasury. Absent this injunctive relief, the public faces the likelihood of losing additional funds to the defendants' self-appropriated subsidy.  Thus, the public interest will be served by entry of a permanent injunction.

The allegations in the Complaint, along with the evidence submitted in support of

---

[19]Dkt. 15 at 2-3.

[20]*See United States v. Lee*, 455 U.S. 252, 260 (1982).

[21]*See Asseo v. Pan American Grain Co., Inc.*, 805 F.2d 23, 28 (1st Cir. 1986).

the United State's preliminary-injunction motion, clearly establish that a permanent

injunction should be issued to force defendants to comply with their employment tax

obligations.

<u>**Conclusion**</u>

For the reasons set forth above, this Court should enter a default judgment of

permanent injunction.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

<u>*s/Michael R. Pahl*</u>
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6488
E-mail: michael.r.pahl@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

     IT IS HEREBY CERTIFIED that the United States' Motion for Entry of Default Judgment of Permanent Injunction, Brief in Support, and proposed Default Judgment of Permanent Injunction has been served by defendants by U.S. Mail at the addresses below on August 10, 2012:

David D. Patton & Associates, P.C.
2935 Heron Place
Bloomfield, MI 48302

David D. Patton
2935 Heron Place
Bloomfield, MI 48302

<u>s/Michael R. Pahl</u>
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6488
Fax:     (202) 514-6770
Email: michael.r.pahl@usdoj.gov
