UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:12-cv-10583 |
| | ) | |
| DAVID D. PATTON & ASSOCIATES, | ) | |
| P.C. and DAVID D. PATTON, | ) | Honorable Sean F. Cox |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Default Judgment of Permanent Injunction**

For good cause shown and for the reasons set forth in Fed. R. Civ. P. 55, the

United States' motion for entry of default judgment of permanent injunction is granted.

**Findings of Fact**

1.      David D. Patton (hereinafter, "Patton") is a business owner and real estate

developer and has been a practicing attorney in the State of Michigan since

1969 and resides within the jurisdiction of this Court.

2.      Patton established defendant David D. Patton & Associates, P.C.

(hereinafter, "DDPA") in 1988, which is located at 100 W. Big Beaver

Road, Suite 200, Troy, MI 48084, and is within the jurisdiction of this

Court.

3.      DDPA employs four attorneys and a small clerical staff and specializes in

the following areas of law: adoption, medical malpractice, personal injury, corporate, employment, and product liability.

4.    Patton has been the president/authorized officer or agent of DDPA from the date of its incorporation in 1988 to present.

5.    DDPA began its payroll activity in the third quarter of 1991 and complied with its employment tax obligations until the fourth quarter of 2007.

6.    Since the fourth quarter of 2007, DDPA has failed to comply with its federal tax obligations as established by the Internal Revenue Code (hereinafter, "I.R.C.") and has been engaging in an activity known as "pyramiding" by which a business withholds taxes from its employees but intentionally fails to remit them to the Internal Revenue Service as mandated by law.  Such activity has been and continues to be a drain on the United States Treasury.

7.    At all times relevant to this action, DDPA has had employees and, as an employer, the law firm has been subject to the payroll tax obligations imposed by the I.R.C., including the duties to: withhold, account for, and pay over the employee portion of the tax imposed upon wages by the Federal Insurance Contributions Act ("FICA") from each employee's paycheck; withhold, account for, and pay over an estimated amount of

income tax for each employee from each paycheck; pay the employer

portion of the tax imposed upon employee wages by the FICA; and submit

Form 941 (Employer's Quarterly Federal Tax Return) to the United States,

along with any withheld employee income tax, withheld employee FICA,

and the employer FICA not already deposited on or before the legal due

date (approximately 30 days after the close of each calendar quarter), and

make federal tax deposits of a frequency required by the I.R.C. and

regulations.

8.      Since 2008, the IRS has been attempting to bring DDPA into compliance

with its I.R.C. payroll tax obligations and to collect past due payroll taxes

from the law firm.

9.      Although Patton submitted several late, lump sum payments roughly equal

to the federal tax deposits (not including penalties and interest that have

accrued) for the fourth quarter of 2007, first quarter of 2008, and the first

and second quarters of 2010, DDPA nevertheless remains in noncompliance

for its failure to make timely federal tax deposits as required by law.  Such

noncompliance has resulted in an amount due totaling $212,446.16 (as of

November 21, 2011, with statutory additions continuing to accrue from that

date) for the second and third quarters of 2008, the first, second, and fourth

quarters of 2009, the third and fourth quarters of 2010, and the first and

second quarters of 2011.  DDPA continues to incur liabilities with each

passing quarter and has not demonstrated a willingness or ability to comply

with its obligations under the I.R.C.

10.    The IRS's collection efforts have not prompted DDPA to comply with

I.R.C. payroll tax obligations, as indicated by the amount due and owing

above.  In fact, DDPA continues its pattern of non-compliance without any

evidence to suggest that it has taken the necessary efforts to return to

compliance.

11.    The foregoing indicates that DDPA has and continues to engage in

"pyramiding" that thwarts the United States' efforts to collect delinquent

payroll taxes from the law firm.

12.    Defendants' pyramiding undermines the traditional tools available to the

United States for collecting delinquent taxes, as indicated by the substantial

liabilities above obligations of a taxpayer for legal services, since it first

may require compelling an attorney to produce records of client billings.

### Conclusions of Law

13.    Under 26 U.S.C. § 7402(a), the federal district courts have broad authority

to issue injunctions and other orders necessary and appropriate to enforce

provisions of the I.R.C.

14. An injunction against the defendants by this Court to comply with the payroll tax provisions of the I.R.C. is necessary and appropriate because traditional collection methods have not and will not convince DDPA and/or Patton to stop pyramiding payroll tax liabilities.

15. If DDPA and/or Patton is allowed to continue to ignore payroll tax requirements, it will likely continue to accrue approximately $20,000.00 in Form 941 taxes per quarter, which the United States will be unable to collect. The withheld employee income taxes must nevertheless be credited to the individual taxpayers whose taxes are withheld from their wages. Similarly, the FICA taxes (withheld portion and employer's portion) must in any event be credited to the employees for purposes of eligibility for social security benefits when they retire. In essence, DDPA and/or Patton is effectively stealing trust funds from the government.

16. An injunction will not injure DDPA and/or Patton as it will merely compel it to conduct business like every other tax-paying business in the United States.

17. An injunction will protect the public's interest in fair competition by halting the defendants' unfair practices and effectively leveling the playing field.

**Order**

Based on the findings of fact and conclusions of law set forth above, it is hereby
ordered as follows:

1.  David D. Patton & Associates, P.C. and David D. Patton, and their
    representatives, agents, servants, employees, and anyone in active concert
    or participation with them, are prohibited from failing to withhold and pay
    over to the IRS all employment taxes, including federal income, FICA, and
    FUTA taxes, required by law.

2.  David D. Patton & Associates, P.C. and David D. Patton shall deposit
    withheld FICA taxes, as well as David D. Patton & Associates, P.C.'s share
    of FICA taxes, in an appropriate federal depository bank in accordance with
    federal deposit regulations.

3.  David D. Patton & Associates, P.C. and David D. Patton shall deposit
    FUTA taxes in an appropriate federal depository bank each quarter in
    accordance with the federal deposit regulations.

4.  David D. Patton & Associates, P.C. and David D. Patton shall timely file all
    employment tax returns with the IRS, or at such other location as the IRS
    may deem appropriate.

5.  David D. Patton & Associates, P.C. and David D. Patton shall timely pay all

-6-

required outstanding liabilities due on each return required to be filed herein.

6.      David D. Patton & Associates, P.C. and David D. Patton shall be prohibited from assigning any property or making any disbursements after the date of this injunction until amounts required to be withheld from wages after the date of this injunction are, in fact, deposited or paid to the IRS, in accordance with this Order.

7.      David D. Patton & Associates, P.C. and David D. Patton shall notify the IRS of their future employment tax conduct with respect to any new or presently unknown company, and there is imposed an affirmative duty upon the principal officer, David Patton, the affirmative duty to notify the revenue officer, or in the alternative, the Government's counsel, in the future of any new company he may come to own, manage, or work for.


SO ORDERED this 1st day of November, 2012.


                                        S/ Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge